

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
*ATTORNEY GENERAL*

Honorable J. A. Belger
County Auditor
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-6293
Re: Is the University of Texas
or the State of Texas lia-
ble for the payment of de-
linquent taxes upon the
property described herein,
and related questions.

We have received and considered your request for
opinion dated November 22, 1944. We quote therefrom as fol-
lows:

"Enclosed find a list of property situated
in Travis County, Texas, which is owned by the
University of Texas and delinquent for certain
years for State and County taxes on the tax rolls
of Travis County, Texas.

"The delinquent State and County taxes shown
on said list accrued against the private owners
of the property described, based upon legal and
proper assessment made each January 1st, before
the property was purchased by the University of
Texas.

"This property was acquired by the State of
Texas under the provisions of Chapter 137, Acts
of the Regular Session, 37th Legislature (1921)
(7 G.L. 266), as amended by Chapter 20, Acts 3rd
Called Session, 38th Legislature (1923) (8 G.L.
179), for the purpose of enlarging the campus of
the University of Texas, in Austin. The property
was paid for out of the appropriation made for
said purpose by said Acts out of the General Fund
of the State of Texas, and was turned over to the

control and management of the Board of Regents of
the University of Texas after its acquisition for
the purpose of erecting buildings thereon for the
various activities at the University of Texas.

"Will you please advise me if the University
of Texas, or the State of Texas, is liable for the
payment of the delinquent State and County taxes
due upon the property described in the enclosed
list and purchased under authority of the above
laws.

"If you hold that the University of Texas or
the State of Texas is not liable for the payment
of said delinquent State and County taxes, then will
you please advise me if it is legal for the Assess-
or and Collector of Taxes of Travis County, Texas,
to strike from the delinquent tax roll all property
now owned and used by the University of Texas for
all of the years for which State and County taxes
are delinquent, by the issuance of cancellation
certificates thereon.

"If your answer to the preceding question is
affirmative with reference to the fact of striking
said delinquent taxes from the delinquent tax rolls
but negative as to the right of the Assessor and
Collector of taxes to do so by the issuance of
cancellation certificates, then please advise me
what is the correct procedure to strike said de-
linquent taxes from the tax roll.

". . . ."

Section 6 of Chapter 137, Acts of the 37th Legisla-
ture, Regular Session, (1921), provides in part that:

"The Commission herein provided for shall take
deeds in fee to each and every lot, block, piece or
parcel purchased by them, said deed to be in the
name of the Board of Regents of the University of
Texas and their successors in office, for the use

and benefit of the University of Texas and the
State of Texas. . . ."  (Emphasis ours)

This Act was brought into question in the case of
Cochran v. Cavanaugh, 252 S. W. 284.  At page 286 the court
said:

"The sole purpose for which the land is con-
demned is the public purpose of meeting the needs
of the State University for the enlargement of its
grounds.  The property is dedicated to this use.
The mere fact that this use may not be made immed-
iately and that, until it is put to such use, the
act authorizes its lease to private parties for a
private use in no way changes its status.  The act
makes it mandatory that the revenue realized by
these rentals shall become a part of the building
fund of the University."

Therefore, since this property is public property
used for public purposes, unquestionably it is exempt from
taxation by Article VIII, Section 2, of the Constitution of
Texas, and Article 7150, Section 4, Vernon's Annotated Civil
Statutes, since the time of its purchase and dedication.

The taxes about which you inquire were delinquent
at the time the property was acquired by the University.  Arti-
cle 7172, V.A.C.S., provides:

"All taxes upon real property shall be a lien
upon such property until the same shall have been
paid. . . ."  (Emphasis ours)

However, the Supreme Court of Texas in Childress
County v. State, 92 S. W. (2d) 1011, 1016, said:

"When the title to this land reverted to
Childress County, the tax lien for State purposes
became merged with the ownership of the land by
the County.  This property dedicated to a county
exclusively for a public purpose, and having been
sold by the county to individuals who failed to
comply with the contract of sale, whereupon the
title to the land reverted to the County, cannot
be burdened with taxes due the State during the

Honorable J. A. Belger, page 4

time it was privately owned. 61 C.J. 945, and cases cited; 26 R.C.L. 299, and authorities cited." (Emphasis ours)

See also State v. Locke, 219 P. 790, 30 A.L.R. 407, where it is said:

"When property is acquired by the State in its sovereign capacity, it thereupon becomes absolved, freed, and relieved from any further liability for taxes previously assessed against it, and which are unpaid at the time it becomes so acquired; that, from the moment of its acquisition, the power to enforce the lien is arrested or abated. The claim of the State for such taxes becomes merged in its ownership of the fee. To consider it further burdened with such lien, and to permit it to be subsequently sold for the payment thereof, results in the State selling its own property to pay itself. . . . Our conclusion that property acquired by the State is automatically freed from further liability for taxes previously assessed against it is supported by the great weight of authority from other jurisdictions."

It was held in Walsh v. University of Texas, 169 S. W. (2d) 993 (writ of error refused), that property belonging to the University of Texas is the property of the State.

Since the lien for taxes on the property has merged with the title, the property is not now subject to the lien, and cannot be seized or sold for such taxes. You are advised also that neither the University of Texas nor the State is obligated to pay these taxes. To require either to pay them would be merely transferring the money from one pocket to another, and would be a futile thing.

This is not to say, however, that the taxes thereby become cancelled or removed from the tax rolls of the county. We have heretofore held, in Opinion No. O-4956, that:

"Neither the Constitution nor the statutes, however, release or authorize the release or cancellation of ad valorem taxes which accrued prior

to the date on which such property is, by such
political subdivision, devoted to public use."

Article 7263, V.A.C.S., provides for the making by
the tax collector of a list of delinquent or insolvent tax-
payers, and that:

"The tax collector, upon the certificate of
the commissioners court that the persons appearing
on the insolvent or delinquent lists have no prop-
erty out of which to make the taxes assessed against
them, or that they have moved out of the county,
and that no property can be found in the county
belonging to such persons, out of which to make the
taxes due, shall be entitled to a credit on final
settlement of his accounts for the amounts due by
the persons, firms, companies, or corporations cer-
tified to by the commissioners court, as above pro-
vided for."

Article 7260, Section 5, V.A.C.S., provides:

"The allowance to a Tax Collector of credit for
the unpaid taxes shown on his delinquent and insol-
vent lists prepared under Articles 7263 and 7336
shall not absolve any taxpayer or property appear-
ing upon either of said lists from liability for
the payment of such taxes, nor absolve the Tax Col-
lector from the duty of collecting same, and the
provisions of Articles 7263, 7266, 7267, 7268, 7269,
7270, 7272, 7273, 7274, and 7336 pertaining to the
levy upon and seizure and sale by the Tax Collector
of personal property to enforce the payment of taxes
shall be applicable to the enforced collection of
such taxes. . . ."

With respect to the enforcement of the liability of
the taxpayer, Article 7272, V.A.C.S., provides:

"All real and personal property held or owned
by any person in this State shall be liable for all
State and County Taxes due by the owner thereof,
including tax on real estate, personal property and

poll tax; and the Tax Collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding; . . ."

These statutes indicate a clear Legislative intention that taxes shall not be released or cancelled, but that the State's rights shall be protected in every way possible. The taxes which became due upon the land in question prior to its acquisition by the University remain outstanding and cannot be stricken from the rolls. Recourse must be had upon the personal liability of the persons who were the owners of the property on the first day of January of the years for which the taxes are delinquent. See Danciger v. State, 166 S. W. (2d) 914, by the Supreme Court.

Trusting that this fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*
Arthur L. Moller
Assistant

ALM:db

APPROVED
OPINION
COMMITTEE